Richard E. Clark, Esq., State Bar No. 009052
General Counsel, AOM Group, LLC
2942 N.24th St., Ste. 109
Phoenix, Arizona 85016

E-mail: richardc@theaomgroup.com
Phone: 602-325-8361
FAX:   602-293-3801

Attorney for AOM Group, LLC Trustee for Sisters of Unity Land Trust

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT F ARIZONA

| | |
|---|---|
| AOM, GROUP, LLC, TRUSTEE OF SISTERS OF UNITY LAND TRUST, JASON CARR, BENEFICIARY,<br><br>                    Plaintiff,<br>V.<br><br>MORTGAGEIT, INC.; GRAND CANYON TITLE, AS TRUSTEE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); MICHAEL A BOSCO, JR.; WELLS FARGO BANK, N. A.; WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO HOME MORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORP., IT'S ASSIGNEES AND/OR SUCCESSORS-IN-INTEREST, AND DOES 1-40,<br>                    Defendant(s) | Case No. CV-09-2639-PHX-SRB<br><br>**RESPONSE TO DEFENDANT MERS, WELLS FARGO, FREDDIE MAC'S MOTION TO DISMISS**<br><br>Oral argument requested |

**Comes now** the Plaintiff AOM Group, LLC and hereby submits its

Response to the Defendant MERS, Wells Fargo, and Freddie Mac's Motion to

*Page 1 of 5  RESPONSE to MOTION T5O DISMISS*

Dismiss. This response is supported by the attached memorandum of points and authorities and the entire record before the court, incorporated herein by this reference.

Respectfully submitted this 4th day of February, 2010

*Richard E. Clark*

Richard E. Clark
2942 N. 24th St., Suite 109
Phoenix, AZ 85016
Attorney for AOM Group, LLC,
Trustee for Sisters of Unity
Land Trust

### Memorandum of Points and Authorities

As to the issue of standing to pursue any of the claims asserted against the Defendant MERS, Wells Fargo and Freddie Mac, attached hereto and made a part hereof as Exhibit A is a copy of the Declaration of Trust and Land Trust Agreement known as the Sisters of Unity Land Trust wherein the trustor Jason Carr, appointed AOM Group, LLC as Trustee. Jason Carr is the beneficiary of the land trust. Also attached as Exhibit B please find a copy of the warranty deed from Jason Carr to AOM Group, LLC as Trustee of the Sisters of Unity Land Trust which conveyed real property owned and possessed by Jason Carr which is the subject to this proceeding to the Trustee AOM Group, LLC.

Attached hereto and made a part hereof as Exhibit C is a civil action notice of Lis Pendens in case number 09-00216 the United States District Court for the District of Arizona which was recorded in the Maricopa County recorder's office on May 5, 2009. Since the trustee's deed of September 25, 2009 was recorded subsequent to the Lis Pendens, the purchaser Federal Home Loan Mortgage Corp. took subject to it. The legal description and address set forth on page 2 under paragraph c.

*Page 2 of 5  RESPONSE to MOTION T5O DISMISS*

In addition to the powers of the Trustee enumerated in the Declaration of Trust to deal with real estate owned by the trustor/beneficiary Jason Carr, in paragraphs 1, 5 and 7; Arizona law, specifically ARS 14-10815 and ARS 14-10816, grants powers to the trustee, generally, all powers over the trust property that an unmarried competent owner has over individually owned property and specifically, in paragraph 2, to acquire or sell property, in paragraph 8, with respect to an interest in real property, construct or make ordinary or extraordinary repairs to, alterations to or improvements in buildings or other structures, demolish improvements, raze existing or erect new party walls or buildings, subdivide or develop land, dedicate land to public use or grant public or private easements and make or vacate plats and adjust boundaries and, in paragraph 24, to prosecute or defend an action, claim or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties.

As a general proposition, the Trustee has whatever right, title and interest in the property as the Trustor had including the rights to ownership and possession. The trustee in this proceeding seeks to protect the ownership and possessory rights of the beneficiary of the trust, Jason Carr, in and to the property as authorized by the trust document as well as by the trust powers enumerated in the Arizona Revised Statutes set forth above.

The trustee has standing to assert the causes of action owned by the beneficiary of the trust for the reason that it is the legal owner of those causes of action by operation of law whereas Jason Carr is the beneficial owner of those causes of action. The land trust is the real party in interest in this proceeding.

The toxic loan originated by this Defendant MortgageIT has resulted in the claims for violations of HOEPA, TILA and RESPA. Request is made that when our expert issues its report on the forensic audit of the loan transaction that that report be submitted to this Court in support of the factual allegations.

The defendants MERS, Wells Fargo and Freddie Mac are in the chain of title making them indispensible parties defendant to the claim for quiet title relief. Regarding the claim for rescission under TILA, upon the receipt of the expert's forensic audit, the plaintiff may request leave of this Court to amend its complaint to add a claim for damages under TILA in addition to rescission.

The FCRA claim applies to facts which occurred in 2008 and 2009 relative to the wrongful foreclosure. See *Herring v Countrywide Home Loans, Inc.*, 2007 WL 2051394 (D Ariz. 2007)  The court in that case opined that wrongful foreclosure is a tort that exists as a statutory duty to exercise fairly and in good faith the power of sale in a deed to secure a debt. A breach of this duty is a tort compensable at law. The court cited ARS 33-807(A). The court granted the plaintiffs motion for partial summary judgment in her favor as to her claim for breach of contract and wrongful foreclosure.

The plaintiff agrees that as to these defendants there is no claim against them for breach of fiduciary duty nor for usury. The plaintiff is entitled to discovery as to the unjust enrichment claim, the claim for civil conspiracy and the claim for fraud.

In conclusion, request is made that this Court deny the motion to dismiss.

Respectfully submitted this 4th day of February, 2010

Richard E. Clark
2942 N. 24th St., Suite 109
Phoenix, AZ 85016
Attorney for AOM Group, LLC,
Trustee for Sisters of Unity
Land Trust

## CERTIFICATE OF SERVICE

*Page 4 of 5  RESPONSE to MOTION T5O DISMISS*

I hereby certify that on February 4, 2010, I electronically transmitted the attached document to the United States District Court clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Booker T. Evans
Laura Sixkiller
Greenberg Traurig, LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Attorneys For Defendant MortgageIT, Inc.

Leonard J. McDonald, Jr, Esq.
William Fischbach, Esq.
Tiffany & Bosco, PA
2525 E. Camelback Rd.
Phoenix, AZ 85016

Gregory J. Marshall, Esq.
John M. DeStefano, Esq.
Snell & Wilmer, LLP
One Arizona Center
400 E. Van Buren St.
Phoenix, AZ 85004-2202

I hereby certify that on February 4, 2010, I serve the attached document by US mail on the following, who are not registered participants of the CM/ECF System:

None

Richard E. Clark

# EXHIBIT A

# DECLARATION OF TRUST
# AND LAND TRUST AGREEMENT

**STATE OF ARIZONA**
**COUNTY OF MARICOPA**

**THIS TRUST AGREEMENT,** dated this **7th** day of **January 2009,** known as **Sisters Of Unity Land Trust,** is to certify that **Sherryl L Maddison, as Trustee,** is duly authorized to accept and execute trusts within the State of **Arizona,** as Trustee hereunder, is about to take title of the following described real estate in **Maricopa County, State of Arizona,** to wit:

### As per attached Legal Description, Exhibit "A", made a part hereof by reference.

When Trustee has taken title thereto, or to any other real estate deeded to him or her as Trustee hereunder, he or she will hold the same for the uses and purposes and upon the trusts hereinafter set forth.   **IT IS UNDERSTOOD AND AGREED** between the parties hereto, and by any successors or assigns of parties hereto, as follows:

**1.  That, subject to the power of direction hereinafter provided for,** the Trustee hereunder shall have and is hereby granted full power and authority to purchase, improve, subdivide, manage and protect said real estate or any part thereof: to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof and to re-subdivide said real estate as often as desired: to contract: to: renovate, to repair, to sell: to grant options to purchase, to sell on any terms; to take back, foreclose and release mortgages; to convey either with or without consideration, to carry back financing: to convey said real estate or any part thereof to a successor or successors in trust, all of the title, estate, powers and authorities vested in said Trustee: to donate, dedicate, mortgage, pledge as collateral or otherwise encumber said real estate, or any part thereof, from time to time to contract to lease, or if required, to hire management for said real estate, or any part thereof, in possession or reversion, by leases to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 99 years, and to renew or extend leases upon terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter: and to grant options to lease, options to renew leases, options to purchase the whole or any part of the reversion and to contract respecting the manner of fixing the amount of present and future rentals: to exchange said property, or any part thereof, for other real or personal property, to grant easements or charges of any kind; to release, convey or assign any right, title use or interest in or to said real estate or any part thereof; and to deal with said property and every part thereof in all other ways and for other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter, including filing lawsuits and hiring counsel.

**2.** That, this is an express executory trust and that the purpose of this Trust is to preserve, maintain and provide for the health, education and welfare of the following named person(s) (or any successors in interest as hereinafter provided for) who shall be the beneficiaries of this Trust and be entitled to the earnings, avails and proceeds of said real estate in the percentages and under the circumstances shown, individually and not as partners or a partnership, unless a separate partnership agreement is entered into, to wit:

### Jason Elliott Carr, holder of 100% of the beneficial interest and

© 1992-2006 Trust Associates -- 4426-B Hugh Howell Road, Suite 200, Tucker, GA  30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com (Rev. 07/06) -- Form LT-STP -- Auto

3.  That, pursuant to the powers and rights hereinafter set forth, the Trustee shall hold, convey, lease, mortgage, or otherwise, as contained herein, deal with the title to said real estate only when authorized to do so on the written direction of the following person or persons (collectively, unless otherwise shown), to wit:

or, in the alternative, in the absence of a Director or in the event of death, disability, incapacity, resignation, termination or refusal to act of Director(s), direction shall be on the written collective direction of the person or persons then constituting the beneficiaries hereunder, provided, however, that the Trustee shall not be required to enter into any personal obligation or liability in dealing with said real estate or make any related tax or other filings nor make itself personally liable for any damages, costs, expenses, fines, or penalties, nor to deal with the said title so long as any money is due to Trustee hereunder. Otherwise, the Trustee shall not be required to inquire into the propriety of any such written direction. Further, under the laws with regard to privacy of contract and subject to breach of fiduciary, Trustee is expressly prohibited from allowing this Trust, or records regarding this Trust or it's assets to be reviewed, given, shown or otherwise, unless being given express written direction to do so by the authorized Trust Director(s) or their successor(s) as stated herein.

4.    That, in the event of the death, disability, incapacity, resignation, termination or refusal to act of the Trustee appointed for the Trust, the following person or persons (collectively, unless otherwise shown), to wit:

**Tara R Francois, as Successor Trustee,**

has separately signed an agreement to act as Successor Trustee of this Trust, and upon notification from the then holder(s) of the power of direction under the Trust, said Successor Trustee shall assume the full and complete duties of the Trustee as shown herein.  But in the event of the death, disability, incapacity, resignation, termination or refusal to act of the Successor Trustee, and if no additional Successor Trustee has been appointed by the holder(s) of the power of direction, then the duties of the Trustee shall devolve to the beneficiaries named herein and or their assigns pursuant to this Trust Agreement until such time as a replacement Trustee shall be appointed by all of them, or if all are not living, then the remaining primary beneficiaries, if any, upon notification the Successor Trustee shall be subject to all obligations of the Trustee as contained herein.

5.  That, the interest of any such beneficiary or beneficiaries hereunder (or any successors in interest, as hereinabove provided for) shall consist solely of a power of direction to deal with the title to said real estate, unless power of direction to Trustee has been granted to a Director as herein provided, and to control and manage said real estate as herein provided, (unless the power of management is required to be held by the Trustee pursuant to state law), and the right to receive the proceeds from rentals, sales, mortgages and other dispositions of said real estate, and that such right in the avails of said real estate shall be deemed to be personal property and may be assigned and transferred as such.  Subject to the provisions hereof, a beneficial interest may be subdivided by assignment so as to vest in an assignee or assignees an undivided interest in the whole of a previously existing beneficial interest. If any beneficiary named herein listed sell their interest for any consideration, then the remaining beneficiary(ies) shall have first right of refusal to purchase under the terms of any bona fide offer to purchase the total or any portion of that beneficiary's interest, the remaining beneficiary(ies) shall have ten (10) days in which to accept or reject such offer.  Upon receipt of an original or a duplicate assignment as aforesaid, the Trustee shall immediately endorse its acceptance on a copy thereof and deliver said copy to said assignee, as and for his other certificate of beneficial interest hereunder.  The death of any beneficiary hereunder shall not terminate this Trust nor in any manner affect the powers of the Trustee hereunder and in the event of death of any such beneficiary during the existence of this Trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass as personal property to his or her successor beneficiary or any executor or administrator, and not as real estate to his or her heirs at law. It is further understood and agreed that no beneficiary now has nor at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid.

**6.** That, no assignment of an interest other than by operation of law shall be binding on the Trustee until the original or duplicate original of said assignment is lodged with the Trustee and its acceptance indicated thereon. Any person having a power of direction who is not a beneficiary hereunder shall not have the right to assign such power without the written collective consent of all beneficiaries hereunder. No person or beneficiary hereunder shall have the right to contract for or bind the Trustee personally.

**7.** That, the beneficiary or beneficiaries hereunder or his, her, or their agents shall in his, her or their own right have the full management and handling of said property (unless otherwise superseded by state law), and the Trustee shall not be required to do anything in the management or control of said real estate or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided and after payment to it of all monies necessary to carry out said instructions.

**8.** That, in case the Trustee shall make any advances of money on account of this Trust or shall be made a party to any litigation on account of holding title to said real estate or in connection with this Trust, or in case the Trustee shall be compelled to pay any sum of money on account of this Trust, whether on account of breach of contract, injury to person or property, fines or penalties under any law or otherwise, that upon proof of these expenses, the beneficiaries hereunder do hereby jointly and severally agree that they will on demand pay to the Trustee, with interest thereon at the rate of 12% per annum, all such disbursements or payments made by the Trustee, together with its expenses, including reasonable attorney's fees, and that the Trustee shall not be called upon to convey or otherwise deal with said Property at any time held hereunder until all of said disbursements, payments, advances and expenses made or incurred by the Trustee shall have been fully paid, together with interest herein as aforesaid. However, nothing therein contained shall be construed as requiring the Trustee to advance or pay out any money on account of this trust or to prosecute or defend any legal proceeding involving this Trust or any property or interest thereunder unless it shall be directed to do so, furnished with funds sufficient therefore or be satisfactorily indemnified in respect thereto.

**9.** That, nothing therein contained shall be construed as imposing any obligation on the Trustee to file any income, profit or other tax reports or schedules, it being expressly understood that unless Trustee(s) has otherwise assigned these duties under direction from the authorized Director(s), the beneficiaries hereunder from time to time will individually make all such reports and pay any and all taxes growing out of their interest in the avails and proceeds under this Trust Agreement.

**10.** That, any contracts, obligations or indebtedness incurred or entered into by the Trustee in connection with said real estate may be entered into by the Trustee in the name of the beneficiaries hereunder, as their attorney-in-fact, hereby irrevocably appointed for such purpose, or, at the election of the Trustee, in its own name, as Trustee of an express trust, and the Trustee shall have no obligation whatsoever with respect to any such contract, obligation or indebtedness except only so far as the trust property shall be applicable to the payment and discharge thereof.

**11.** That, no party dealing with said Trustee or any successor Trustee in relation to said real estate or to whom said real estate or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said Trustee, shall be obliged to see to the application of any purchase money, rent or money borrowed or advanced on said real estate, or be obliged to see that the terms of this Trust have been complied with, or be obliged to inquire into the authority, necessity or expediency of any act of said Trustee or be obliged or privileged to inquire into any of the terms of this Trust Agreement and every deed, trust deed, mortgage, lease, management agreement, or other instrument executed by said Trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under such conveyance, lease, mortgage or other instrument, (a) that at the time of the delivery thereof, the trust created by this Trust Agreement was in full force and effect; (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this Trust Agreement and all amendments hereof, if any, and binding upon all beneficiaries under this Trust Agreement; (c) that said Trustee was duly authorized and empowered to execute and deliver every

such deed, trust deed, lease, management agreement, mortgage or other instrument; and (d) if a conveyance has been made to a successor or successors in trust; that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust. Further, any Trustee empowered as the current Trustee may not reveal any of the terms of the Trust other than as shown on public record, including, without limitation, revealing the beneficiary(ies), or successor beneficiaries, or other details of the Trust arrangement without the prior collective written consent of the then beneficiaries or without a court order.

**12.** That, this Trust Agreement shall not be placed on public record in the county in which the real estate is situated or elsewhere, but if for any reason same is so recorded, such recording shall not be considered as notice of the rights of any person hereunder derogatory to the title or powers of said Trustee.

**13.** That, the Trustee may at any time resign by sending a notice of its intention to do so by certified mail to each of the then beneficiaries hereunder at his or her address last known to the Trustee. Such resignation shall become effective ten days after the mailing of such notices by the Trustee. In the event of such resignation, a successor or successors may be appointed (if not previously appointed as recorded in public records within the Deed Into Land Trust or Deed Addendum or as otherwise appointed) by the person or persons then entitled hereunder to direct to Trustee in the disposition of the trust property, and the Trustee shall thereupon convey the trust property to such successor or successors in trust via Trustee's Deed conveying all Trustee's interests, rights, powers and duties to designated successor Trustee and shall thereafter refer all matters concerning the Trust in a manner prescribed in said notice. Every Successor Trustee or Trustees appointed hereunder shall become fully vested with all the estate, properties, rights, powers, trusts, duties and obligations of its, his or their predecessor and shall operate under the terms and conditions of this Trust Agreement until a new Trust Agreement is entered into. In the event that no successor in trust is named as above provided within ten (10) days after mailing of such notices by the Trustee, then the Trustee may convey the trust property to the beneficiaries in accordance with their respective interests hereunder, or the Trustee may at its option, file a bill for appropriate relief in any court of competent jurisdiction. The Trustee, not withstanding such resignation, shall continue to have a first lien on the trust property for its costs, expenses and attorney's fees and for its reasonable compensation as stated herein.

**14.** That, the Trustee may at any time be terminated by the person or persons then holding the power of direction over the Trust, by sending a notice of intention to do so by certified mail to the Trustee named hereunder at his or her last known address. Such termination shall become effective ten (10) days after the mailing of such notices by the Director or beneficiary(ies). In the event of such termination, a successor or successors may be appointed, if not previously appointed via an Affidavit of Trust or otherwise, or via public records recording, by the person or persons then entitled hereunder to direct to Trustee in the disposition of the trust property, and the Trustee shall thereupon convey the trust property to such successor or successors in trust via Trustee's Deed conveying all Trustee's interests, rights, powers and duties to the designated successor Trustee(s) and shall thereafter refer all matters concerning the Trust in a manner prescribed in said notice. Every Successor Trustee or Trustees appointed hereunder shall become fully vested with all the estate, properties, rights, powers, trusts, duties and obligations of its, his or their predecessor and shall operate under the terms and conditions of this Trust Agreement until a new Trust Agreement is entered into. In the event that no successor in trust is named as above provided within ten (10) days after mailing of such notices by the Director or beneficiary(ies), then the Trustee shall convey the trust property to the beneficiaries in accordance with their respective interests hereunder. The Trustee, not withstanding such termination, shall continue to have a first lien on the trust property for its costs, expenses and attorney's fees and for its reasonable compensation as stated herein.

**15.** That, in the event any property shall be remaining in this trust twenty (20) years from this date, and if said trust is not extended, it shall be the duty of said Trustee to sell and dispose of the same at public sale, to be held as expeditiously as possible and on reasonable advertisement and on reasonable notice to the then

beneficiary(ies) hereunder, and after deducting its reasonable fees and expenses, shall divide the proceeds among said beneficiary(ies) as their respective interests may then appear.

**16.** That, said Trustee shall receive for its services in accepting this trust and in taking title hereunder the sum of **One Hundred Dollars ($100.00)**, also the sum of **One Hundred Dollars ($100.00)** per year for holding title after the **1st** day of **March 2009**; so long as any property remains in this trust; also its regular schedule of fees for making deeds, mortgages, leases and/or other instruments as may from time to time be required hereunder, and it shall receive reasonable compensation for any special services which may be rendered by it hereunder, or for taking any property which may hereafter be deeded to it hereunder, which fees, charges or other compensation, the beneficiaries hereunder jointly and severally agree to pay, and it is hereby understood and agreed that all such fees and compensations shall constitute a first lien on the real estate and property held hereunder.

IN TESTIMONY WHEREOF, said Trustee, accepted the duties of Trustee the day and year first above written, and on said day the said beneficiaries have signed this Declaration of Trust and Land Trust Agreement in order to signify his or her assent to the terms hereof.  Witness the hands and seals of the undersigned.



_____ (Seal)
WITNESS

_____ (Seal)
TRUSTEE: Sherryl L. Maddison, as Trustee

_____ (Seal)
WITNESS

_____ (Seal)
100% BENEFICIARY: Jason Elliott Carr

_____ (Seal)
WITNESS

_____ (Seal)
0% BENEFICIARY:

Sworn to and subscribed before me of even date.

_____
NOTARY PUBLIC

(Seal)

Eugene Herndon
Notary Public - Arizona
Maricopa County
My Commission Expires
August 31, 2009

# EXHIBIT "A" TO THE
# DECLARATION OF TRUST
# AND LAND TRUST AGREEMENT

This Exhibit is part of the Declaration of Trust and Land Trust Agreement dated the **7th** day of **January 2009**, known as the **Sisters Of Unity Land Trust**, under which **Sherryl L Maddison** is Trustee thereof.

## Legal Description of Trust Asset

**Lot 248, Arlington Estates, Phase 1, Recorded in Book 548, of Maps, Page 6, Records of Maricopa County, Arizona**

# APPOINTMENT OF LAND TRUST TRUSTEE

The undersigned Beneficiaries represent that they are all and one hundred percent of the beneficiaries to that certain Declaration of Trust and Land Trust Agreement, dated on the **7th** day of **January 2009**, and which is known as **Sisters Of Unity Land Trust (a Land Trust)**; and they hereby appoint **Sherryl L Maddison**, whose address is **17223 N Sandtrap CT., Glendale, AZ 85308**, to represent all of their beneficial interests in said Trust as their Trustee as fiduciary for said interests jointly and severally in accepting written direction from the below named beneficiaries and their successors and serving the said trust as trustee, following their written direction in the performance of such ministerial tasks as are authorized and required by the above referenced Trust agreement under which said trust has been created.

In the event of the death, disability, incapacity, resignation, termination or refusal to act of the Trustee appointed herein, and if no Successor Trustee has been appointed, then the duties of the Trustee shall devolve upon the below named beneficiaries and or their assigns pursuant to the above referenced Trust Agreement until such time as a replacement Trustee shall be appointed by all of them, or if all are not living, then the remaining primary beneficiaries, if any, and at such time, (s)he shall transfer all trust assets to the beneficiaries by Trustee's Deed, or upon duly authorized direction of the beneficiaries, to any newly appointed Trustee, and any further actions taken by the above Trustee shall be personal, and not as the authorized or lawful holder of the Trustee powers over the aforesaid Trust. So say we all, holders of 100% of the beneficial interests.


_____    Beneficiary of **100%** undivided interest
Jason Elliott Carr


_____    Beneficiary of **0%** undivided interest


# ACCEPTANCE/DECLINING OF TRUSTEE APPOINTMENT

TO:  The above beneficiaries of the above said trust. This is to advise you that as of the **7th** day of **January 2009**, I hereby accept ☑; or decline ☐; the position of Trustee subject to the power of direction over the aforesaid Trust together with my fiduciary to each and all of you. Please govern yourselves accordingly.


_____ (Seal)
Sherryl L Maddison


© 1992-2006 Trust Associates – 4426-B Hugh Howell Road, Suite 200, Tucker, GA  30084 Phone: 770-939-8283 Fax: 770-939-3177 www.LouisBrown.com  (Rev. 07/06) – Form LT-STP – Auto

# TRUSTEE AUTHORIZATION

The **Sisters Of Unity Land Trust, Sherryl L Maddison, as Trustee**, holds title to the property herein described below, **I hereby authorize** the above named Trustee, or such other Trustee that shall succeed said Trustee, signatory authorization on my behalf to endorse and deposit for the benefit of the Trust any hazard insurance premium refunds, insurance claim checks, mortgage insurance premium refunds, and/or any refunds associated with the escrow account maintained with the mortgage holder on the below described property. I also authorize the Trustee of the above named Trust signatory authorization to modify any existing hazard insurance policy or to cancel the existing hazard insurance policy on the property once replacement coverage has been secured.

**Property Address: 6830 S 40th Lane, Phoenix, AZ 85041**

## Legal Description
**Lot 248, Arlington Estates, Phase 1, Recorded in Book 548, of Maps, Page 6, Records of Maricopa County, Arizona**

IN WITNESS WHEREOF the Seller/grantor of deed so-noted has hereunto set his hand and seal this **7th** day of **January 2009**.

_____               _____ (seal)
Witness                                        Seller/Grantor: **Jason Elliott Carr**

_____               _____ (seal)
Witness                                        Seller/Grantor:

Sworn to and subscribed before me of even date.

_____
Notary Public

(SEAL)



Eugene Herndon
Notary Public - Arizona
Maricopa County
My Commission Expires
August 31, 2009

# EXHIBIT B

After Recording Return To:
Sisters Of Unity Land Trust
c/o S L Maddison, 2824 N Power Road, Suite #
113-120
Mesa, Arizona 85215

# WARRANTY DEED

**STATE OF ARIZONA**
**COUNTY OF MARICOPA**

**THIS WARRANTY DEED** is made this **7th** day of **January 2009**, by and between
**Jason Elliott Carr**                             ,
(hereinafter referred to as "Grantor"), and
**Sisters Of Unity Land Trust, S L Maddison, as Trustee**,
a Land Trust (an executory trust); (hereinafter referred to as "Grantee"), shall have full Trustee powers and
authority as described in the attached **Affidavit of Land Trust – Exhibit "A"**, made a part hereof by reference.

## WITNESSETH:

The Grantor, for and in consideration of the sum of **TEN Dollars ($10.00)** and other valuable consideration,
receipt of which is hereby acknowledged, hereby grants, bargains, sells, remises, releases, transfers and conveys
to the Grantee, all that certain land situate in **Maricopa County, State of Arizona**, to wit:

**As per attached Legal Description, Exhibit "B", made a part hereof by reference,**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, to have and to
hold in fee simple forever.

The Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; has good, right and
lawful authority to sell and convey said land, hereby fully warrants the title to said land and will defend the same against the lawful
claims of all persons whomsoever, and that said land is free of all encumbrances, except taxes accruing subsequent to December 31,
2008, conditions, restrictions, easements, limitations and zoning ordinances of record, if any, and the following described mortgages,
which Grantee herein takes subject to and agrees to pay:

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____          _____(SEAL)
**Witness**                                       Grantor: Jason Elliott Carr

                                                  _____(SEAL)
                                                  Grantor:

Sworn to and subscribed before me of even date.

_____
Notary Public

(SEAL)

Eugene Herndon
Notary Public · Arizona
Maricopa County
My Commission Expires
August 31, 2009

# EXHIBIT  "B"
# LEGAL DESCRIPTION

**This Exhibit is part of that Warranty Deed** dated the **7th** day of **January 2009**, by and between **Jason Elliott Carr**        , (hereinafter referred to as "Grantor"), and **Sisters Of Unity Land Trust, S L Maddison, as Trustee**, a Land Trust (an executory trust): (hereinafter referred to as "Grantee").

## Legal Description of Property

**Lot 248, Arlington Estates, Phase 1, Recorded in Book 548, of Maps, Page 6, Records of Maricopa County, Arizona**

# EXHIBIT C

*Robert R. Jung*
*21001 North Tatum Blvd.*
*Suite 1630-725*
*Phoenix 85050*
*480 704-5030*
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In the Matter of:                    ) | Case No.:  O9-00216 |
| OUR LADY OF TRIUMPH LAND TRUST ) | |
| Plaintiff,                    ) | CIVIL ACTION |
| VS.                    ) | NOTICE OF LIS PENDENS |
| WELLS FARGO BANK, N.A. as Trustee ) | |
| for ABFC 2006-OPT3 Trust, ABFC Asset- ) | PURSUANT TO A.R.S.  12-1191 (A) |
| Backed Certificates, Series 2006-OPT3., ) | (QUIET TITLE) |
| By American Home Mortgage Servicing, ) | |
| Inc. Successor in interest to Option One, ) | |
| Et. Al.                    ) | |
| Defendants.                    ) | |

**TO WHOM IT MAY CONCERN:** Pursuant to A.R.S. 12-1191 (A) and applicable Federal

Statues, Notice is hereby given of the commencement and pendency of the above-entitled Civil

Action, general objects of which are (1) the enforcement of Plaintiff Our Lady of Triumph Land

Trust's rights with regard to the property listed below. And (2) TRANSFER OF TITLE TO

THOSE PROPERTIES TO Plaintiff, Our Lady of Triumph Land Trust; (3) as a direct and

1  proximate cause of the Defendants' violation of Arizona State and Federal Laws and with regard

2  to the property in favor of Plaintiff, Our Lady of Triumph Land Trust.

3

4      a) 3302 W Pershing Ave, Phoenix, AZ 85209; LEGAL DESCRIPTION: Lot 33, Surey Heights

5  111, A Subdivision Recorded in Book 116, of Maps, Page 14, Records of Maricopa County,

6  Arizona, LOAN #651020499. The Defendants directly involved in this transaction are:

7  COSTAL CAPITAL CORP.; WELLS FARGO BANK, N.A. as Trustee for ABFC 2006-OPT3

8  Trust, ABFC Asset-Backed Certificates, Series 2006-OPT3., By American Home Mortgage

9  Servicing, Inc. Successor in interest to Option One; MTC FINANCIAL, INC., dba TRUSTEE

10  CORPS.

11      b) 1549 E Ironwood, Phoenix, Arizona 85020; LEGAL DESCRIPTION: Lot 1, Block

12  2,Mountain Village Tract, Recorded in Book 34, of Maps, Page 1, Records of Maricopa County,

13  Arizona, except the North 5 feet thereof deeded to the City of Phoenix,

14      c) 6830 S 40th Lane, Phoenix, Arizona 85041; LEGAL DESCRIPTION: Lot 248, Arlington

15  Estates, Phase 1, Recorded in Book 548, of Maps, Page 6, Records of Maricopa County,

16  Arizona.

17      d) 2605 E. Beautiful Lane, Phoenix Arizona 85042; LEGAL DESCRIPTION: Lot 88, The

18  Groves at South Mountain, Recorded in Book 481, of Maps, Page 15, Records of Maricopa

19  County, Arizona.

20      e) 1120 N Cholla Street, Chandler, AZ 85224; LEGAL DESCRIPTION: Lot 14, Pennington

21  Place, Recorded in Book 477, of Maps, Page 29, Records of Maricopa County, Arizona. Except

22  all oil, mineral and gas as reserved in Deed recorded in Docket 896, page 55 records of Maricopa

23  County, Arizona.

24      f) 6576 E Casa De Leon, Gold Canyon, AZ 85218; LEGAL DESCRIPTION: Lot 67, VISTA

25  DEL CORAZON, according to Cabinet B, Slide 156, records of Pinal County, Arizona;

1    g) 8275E Sunset View Drive, Gold Canyon, AZ 85218; LEGAL DESCRIPTION: LOT 38, OF

2    REPLAT OF LOTS 35 THROUGH 41 INCLUSIVE, TRACT B AND TRACT E, OF SUNSET

3    VILLAGE AT SUPERSTITION FOOTHILLS, ACCORDING TO THE PLAT OF RECORD IN

4    THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA,

5    RECORDED IN CABINET C, SLIDE 135, EXCEPT $1/16^{TH}$ OF ALL OIL, GAS, OTHER

6    HYDROCARBON SUBSTANCES, HELIUM OR OTHER SUBSTANCES OF A GASEOUS

7    NATURE, COAL, METALS, MINERALS, FOSSILS, FERTILIZER OF EVERY NAME AND

8    DESCRIPTION, TOGETHER WITH ALL URANIUM, THORIUM, OR ANY OTHER

9    MATERIALS WHICH MAY BE DETERMINED TO BE PARTICULARLY ESSENTIAL TO

10    THE PRODUCTION OF FISSIONABLE MATERIALS AS PROVIDED BY ARS 37-231, AS

11    RESERVED IN THE PATENT TO SAID LAND.

12    h) 3118 NORTH 35TH DRIVE PHOENIX ARIZONA 85019; LEGAL DESCRIPTION: LOT

13    94, DEL MONTE VILLAGE UNIT EIGHT, ACCORDING TO THE PLAT OF RECORD IN

14    THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY ARIZONA

15    RECORDED IN BOOK 90 OF MAPS

16    i) 11201 W. Roanoke Ave, Avondale, Arizona 85392.  LEGAL DESCRIPTION: Lot 265,

17    CRYSTAL GARDENS PHASE 2, PARCEL 6 according to Book 521 of Maps, page 26, records

18    of Maricopa County, Arizona.

19

20

21

22

23

24

25